**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-10440
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

REGINALD DWAYNE SHEPPARD, also known as Reginald Dwayne Shephard,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas

(4:96-CR-153-1-A)

November 14, 1997

Before WISDOM, DUHÉ, and BARKSDALE, Circuit Judges:

PER CURIAM:[*]

Reginald Dwayne Sheppard pleaded guilty along with his mother, Annie Dobbins, to

maintaining a place for the purpose of distributing cocaine base[2] from September 19, 1996 through

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2]    21 U.S.C. § 856 (a) (1) and 18 U.S.C. § 2.

October 22, 1996. Sheppard was sentenced to 135 months in prison followed by three years of supervised release and a special assessment of $100. Sheppard's sentence included a two level increase in sentencing level for possession of a firearm during the offense. Sheppard appeals the two level increase.

We review the district court's application of the sentencing guidelines *de novo* and its findings of fact for clear error.[3] Section 2D1.1(b)(1) directs the district court to increase the base offense level by two for a defendant who posseses a firearm during a drug trafficking offense "unless it is clearly improbable that the weapon was connected with the offense."[4] The government can meet its burden of showing a connection between the firearm and the offense by proving that the firearm was found in the same location where the drugs were stored or where part of the transaction occurred.[5] A defendant's sentence can also be enhanced because a co-defendant possessed a firearm during the offense, provided that the co-defendant's possession of the firearm was reasonably foreseeable.[6]

The district court increased Sheppard's sentencing level by two because, at the time the police searched his home, the police found a loaded revolver in a purse in his mother's bedroom. The police also found .07 grams of cocaine base in that room. This firearm was found in the same place as some of the drugs, and it was in the home at a time when Sheppard admitted through his guilty plea that he maintained a place for the distribution of cocaine base. We do not find that it was clearly improbable that the firearm was connected to the offense.

---

[3]     *United States v. Flucas*, 99 F.3d 177, 178 (5th Cir. 1996).

[4]     U.S.S.G. § 2D1.1(b)(1) and application note 3.

[5]     *Flucas*, 99 F.3d at 179.

[6]     *See United States v. Aguilera-Zapata*, 901 F.2d 1209, 1215 (5th Cir. 1990).

Nonetheless, Sheppard argues that he should not be held accountable for the gun because it belonged to his mother and because it was not reasonably foreseeable for her to be in possession of a firearm during the offense. We disagree. A firearm is one of the tools of the trade for those engaged in illegal drug activities.[7] Dobbins knowingly possessed the firearm while she and Sheppard maintained a place for drug distribution. The district court was entitled to infer that Sheppard should have foreseen Dobbins' possession of the firearm during this conspiracy.[8] The district court did not err.

The judgment is AFFIRMED.

---

[7] *Id.* at 1215.

[8] *Id.* at 1215-6. In addition, Dobbins' relatives also testified that they knew Dobbins owned a gun. Because these relatives knew about the gun, it is also likely that Sheppard actually knew of the gun.